Robin E. Perkins, Esq.
Nevada Bar No. 9891
Sarah A. Mead, Esq.
Nevada Bar No. 12375
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone (702) 784-5200
Facsimile  (702) 784-5252
Email: rperkins@swlaw.com
          smead@swlaw.com
*Attorneys for Defendant*
*Green Tree Servicing LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY L. BUXTON, an individual, and TRACIE L. BUXTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICING LLC, a Foreign limited liability company; DOE INDIVIDUALS 1-10 and ROE CORPORATIONS I through X, inclusive<br><br>Defendants. | Case No.:   2:15-cv-01475-JCM-VCF<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs Gregory L. Buxton and Tracie L. Buxton's ("Plaintiffs") Motion for Preliminary Injunction came on for hearing on August 13, 2015.  Robin E. Perkins, Esq. of the law firm of Snell & Wilmer L.L.P. appeared on behalf of Green Tree Servicing LLC ("Green Tree").  Gregory Miles, Esq. of the law firm of Royal & Miles LLP appeared on behalf of the Plaintiffs.

The Court reviewed the pleadings and papers on file, and all exhibits attached thereto; and heard oral argument from counsel for Plaintiffs and Defendant.  Good cause appearing therefor, this Court hereby enters the following order denying Plaintiffs' Motion for Preliminary Injunction [Doc. No. 1] and dissolving the Temporary Restraining Order granted on or about July 28, 2015, in the Eighth Judicial District Court, Clark County Nevada.

**FINDINGS OF FACT**

1. On February 9, 2008, Plaintiffs executed a promissory note ("Note") and deed of trust in favor of Quicken Loans in the amount of $314,000 in order to refinance the real property located at 1522 Tree Top Court, Henderson, Nevada (the "Property").

2. The Deed of Trust was recorded on March 4, 2008, in the records of the Clark County Recorder's office. ("Deed of Trust", attached as Exhibit A to Green Tree's Request for Judicial Notice "RJN".)

3. On the same day, Gregory L. Buxton executed a Quitclaim Deed, creating a joint tenancy in the Property with his wife and co-Plaintiff, Tracie L. Buxton. ("Quitclaim Deed", Exhibit B to RJN.)

4. Plaintiffs admit that they have not made any mortgage payments, due under their Note and Deed of Trust, since on or about December 2010. (Compl. ¶ 6; Plaintiff's Motion for TRO and for Preliminary Injunction 4:16-18.)

5. On or about May 17, 2011, Quicken Loans executed an Assignment of Deed of Trust to BAC Home Loan Servicing, LP FKA Countrywide Home Loans Servicing, LP, which was recorded on May 19, 2011, in the records of the Clark County Recorder's office. ("First Assignment", Exhibit C to RJN.)

6. On or about June 12, 2013, BAC Home Loans Servicing LP executed an Assignment of Deed of Trust to Green Tree, which was recorded on July 2, 2013, in the records of the Clark County Recorder's office. ("Second Assignment", Exhibit D to RJN.)

7. On or about October 14, 2013, National Default Servicing Corporation was substituted as Trustee of the Deed of Trust, which substitution was recorded on October 17, 2013. ("Substitution", Exhibit E to RJN.)

8. Green Tree recorded a Notice of Default and Election to Sell Under the Deed of Trust on the Property on January 28, 2015. ("Notice of Default", attached as Exhibit F to RJN.)

9. Other than recording its Notice of Default, Green Tree has not recorded any other foreclosure notices. (*See generally* RJN.)

10. Green Tree has not foreclosed the Property. (*See generally* RJN.)

11. On or about June 9, 2015, the parties participated in mediation pursuant to the Nevada Foreclosure Mediation Program. (Compl. ¶ 43.)

12. After the mediation, Plaintiffs did not file a petition for judicial review pursuant to Nevada Foreclosure Mediation Rule 22.

13. On June 22, 2015, Plaintiffs filed their Complaint and recorded a Notice of Pendency of Action on June 23, 2015. [Doc. No. 1.]

14. On July 23, 2015, Plaintiffs filed a Motion for Temporary Restraining Order and For Preliminary Injunction on Order Shortening Time. [Doc. No. 1.]

15. On July 28, 2015 the Eighth Judicial District Court, Clark County Nevada granted a Temporary Restraining Order and scheduled a hearing on the request for a preliminary injunction.

## CONCLUSIONS OF LAW

1. "A preliminary injunction to preserve the status quo is normally available upon a showing that the party seeking it enjoys a reasonable probability of success on the merits and that the defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damages is an inadequate remedy." *No. One Rent-A-Car v. Ramada Inns, Inc*., 94 Nev. 779, 780-81, 587 P.2d 1329, 1330 (1978); *Winter v. Nat. Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

2. Plaintiffs are in default under their mortgage obligations; therefore they cannot bring a claim for wrongful foreclosure as a matter of law. *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (Nev. 1983) (finding that "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised."); *Guertin v. One W. Bank, FSB*, No. 2:11-CV-01531-JCM-PAL, 2012 WL 727352, at *5 (D. Nev. Mar. 6, 2012) ("[A] plaintiff cannot state a claim for wrongful foreclosure when she admits she is in default-that is, that she stopped making payments on her mortgage.")

3. Additionally, there has been no foreclosure of the real property at issue, accordingly Plaintiffs' claim for wrongful foreclosure is premature, and fails as a matter of law. *Camacho-Villa v. Great W. Home Loans*, No. 3:10-CV-210-ECR-VPC, 2011 WL 1103681, at *7

1  (D. Nev. Mar. 23, 2011) ("Plaintiffs filed both their original (# 1) and amended (# 26) complaints before the Property was sold. As such, Plaintiffs' claim for wrongful foreclosure is premature and not actionable.")

4.   Plaintiffs' claims for declaratory relief and injunctive relief are remedies, not independent causes of action, and therefore fail as a matter of law. *Haskell v. PNC Bank, N.A.*, No. 3:11-CV-887-RCJ-VPC, 2012 WL 3206503, at *2 (D. Nev. Aug. 3, 2012) (holding that "Plaintiffs' claims in their first cause of action for injunctive and declaratory relief are not independent claims, but are dependent claims based on the assertion that the foreclosure process in this case was not in accordance with NRS § 107.080 and § 107.086.")

5.   Additionally, because Plaintiffs' wrongful foreclosure claim fails as a matter of law, the claims for declaratory relief and injunctive relief likewise cannot stand.

6.   Plaintiffs cannot demonstrate irreparable injury. As a result of Plaintiffs' election to stop paying their mortgage, Plaintiffs lost any interest in or right to the Property. Plaintiffs do not have the "right" to reside in the Property for which they are not repaying the loan that enabled them to purchase the Property in the first place. Accordingly, foreclosure of the Property which they have resided in for more than four years for free will not cause irreparable harm.

7.   Plaintiffs do not address, let alone establish, that the balance of equities tips in their favor or that the injunction is in the public's interest.

8.   Plaintiffs have failed to establish any or all of the elements necessary to obtain injunctive relief. Plaintiffs have failed to establish: (1) a likelihood of success on the merits; (2) irreparable injury is likely; (3) the balance of equities tip in their favor; or (4) that an injunction is in the public interest.

Case No.:   2:15-cv-01475-JCM-VCF

**ORDER**

Based upon the Findings of Fact and Conclusions of Law above, this Court enters the following Order:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs Gregory L. Buxton and Tracie L. Buxton's Motion for Preliminary Injunction is DENIED.

IT IF FURTHER ORDERED, ADJUDGED AND DECREED that Temporary Restraining Order granted on or about July 28, 2015 in the Eighth Judicial District Court, Clark County Nevada, is dissolved and no longer in force or effect, effective as of August 13, 2015.

IT IF FURTHER ORDERED, ADJUDGED AND DECREED that if Plaintiffs have posted a cash or security bond with the Eighth Judicial District Court, Clark County Nevada, in the amount of $2,500.00, as ordered by the Temporary Restraining Order, such cash or security bond shall be released, effective as of August 13, 2015.

Dated August 20, 2015.

_____
U.S. District Judge

Respectfully submitted:

SNELL & WILMER L.L.P.

By: */s/ Robin E. Perkins*
　　Robin E. Perkins, Esq.
　　Nevada Bar No. 9891
　　Sarah A. Mead, Esq.
　　Nevada Bar No. 13725
　　3883 Howard Hughes Parkway
　　Suite 1100
　　Las Vegas, Nevada 89169
　　*Attorneys for Defendant Green Tree Servicing LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing: **[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** by the method indicated:

|         |                                       |
|---------|---------------------------------------|
| _____  | U. S. Mail                            |
| _____  | U.S. Certified Mail                   |
| _____  | Facsimile Transmission                |
| __X__   | Electronic Service (CM/ECF electronic system) |

and addressed to the following:

Gregory A. Miles, Esq.
Royal & Miles LLP
1522 W. Warm Springs Road
Henderson, Nevada 89014
702.471.6777

DATED 18th day of August, 2015.

*/s/ Maricris Williams*
An employee of Snell & Wilmer L.L.P.

- 6 -